

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

ANTHONY BERTHNELL HALL,

Petitioner,

v.

CHRISTOPHER LAROSE, *et al.*,

Respondents.

Case No. 26-cv-01850-BAS-DDL

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Anthony Berthnell Hall, acting *in forma pauperis*, filed a habeas petition pursuant to 28 U.S.C. § 2241, claiming: (1) his immigration detention has become unconstitutionally prolonged, (2) poor hygiene and other conditions of detention render his detention unconstitutional, and (3) he should not have been detained since he has lived a law-abiding life in the United States for 11 years. (ECF No. 1.)  Counsel substituted in to represent Petitioner but did not file an amended petition.  (ECF No. 3.)  The Government responded to the Petition (ECF No. 10), and Counsel for Petitioner filed a Traverse, arguing the Immigration Judge incorrectly denied Petitioner bond.  (ECF No. 11.)  For the reasons stated below, the Court **DENIES** the Petition.

- 1 -

26cv1850

## I.    STATEMENT OF FACTS

Petitioner, a citizen of Jamaica, was admitted to the United States on March 7, 2015, on an H-2B visa, which was valid until April 1, 2016.  (ECF No. 10-2.)  On December 31, 2025, Immigration and Customs Enforcement ("ICE") detained Petitioner after he was arrested for driving without a license.  (*Id.*)  On February 12, 2026, an Immigration Judge held a bond hearing pursuant to 8 U.S.C. § 1226(a) and denied bond, finding Petitioner was a flight risk and a danger to the community.  Petitioner did not appeal this determination to the Board of Immigration Appeals ("BIA").

Petitioner now argues that his four-month detention has been unconstitutionally prolonged, although he did receive a bond hearing several months ago.  He also complains about the conditions of his detention and argues that he should not be detained after living in the United States and keeping "a clean and orderly reputation."  (ECF No. 1.)

## II.    ANALYSIS

As a preliminary matter, Petitioner's detention has not been unconstitutionally prolonged.  He has been in custody for four months and has had a bond hearing before an Immigration Judge during that time period.  The Constitution requires nothing more.

Second, to the extent Petitioner argues the conditions of his detention warrant relief, this is not a cognizable claim pursuant to § 2241. *See, e.g.*, *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism . . . to challenge the 'legality or duration' of confinement, [while] . . . a civil rights action . . . is the proper method of challenging 'conditions . . . of confinement.'" (citations omitted)).

Next, to the extent Petitioner claims he was improperly detained because he entered legally and has led a law-abiding life in the United States for eleven years, 8 U.S.C. §§ 1252(g) and 1252(b)(9) strip this Court of jurisdiction to hear this claim.  Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases or execute removal orders against any alien under this chapter."  Section 1252(b)(9) states "[j]udicial review of all questions of law and fact,

including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section." To the extent Petitioner is arguing the Department of Homeland Security ("DHS") should not have initiated removal proceedings against him, this Court lacks jurisdiction to hear the claim.

Finally, in the Traverse, Petitioner's counsel argues simply that the Immigration Judge's bond determination was incorrect. Immigration detainees are not free to elect whether they want to appeal to the BIA or the district court depending on which venue they believe would result in a more favorable outcome. That is one of the reasons why administrative exhaustion generally precludes bond appeals to the district court.

"Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Although Section 2241 does not specifically require a petitioner to exhaust administrative remedies before seeking habeas relief, "[n]onetheless, 'we require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241.'" *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (quoting *Castro-Cortez v. INS,* 239 F.3d 1037, 1047 (9th Cir. 2001)); *see also Puga v. Chertoff*, 488 F.3d at 815 ("[P]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional."). "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Laing*, 370 F.3d at 998. Grounds for waiving exhaustion include finding that: (1) administrative remedies "are inadequate or not efficacious," (2) exhaustion "would be a futile gesture," (3) "irreparable injury will result" if petitioner is required to exhaust administrative remedies, or (4) "administrative proceedings would be void." *Id.* at 1000.

Petitioner in this case has failed to exhaust his administrative remedies. He had the option to appeal his bond denial to the BIA and has failed to do so. Although this is a prudential requirement, requiring appeal to the BIA makes sense. The BIA is there for a

26cv1850

reason—it provides agency expertise helpful to determine whether bond in a given case is warranted. If, as Petitioner argues, the Immigration Judge made a rogue decision, appealing to the BIA allows the agency to correct its own mistakes and precludes the need for judicial review. And finally, direct appeal to the district court encourages deliberate bypass of an administrative scheme. *See Puga*, 488 F.3d at 815 (listing reasons for requiring administrative exhaustion). Petitioner fails to argue any grounds for waiving the exhaustion requirement. Thus, the Court finds appeal to the BIA is a necessary prerequisite in this case before it may consider any error on the part of the Immigration Judge.

## III.    CONCLUSION

For the reasons stated above, the Court **DENIES** the Petition (ECF No. 1). The Clerk is directed to close the case.

**IT IS SO ORDERED.**

DATED: April 29, 2026

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv1850